UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| MALOISH WILSON, | |
|---|---|
| Plaintiff, | Case No. C08-5648RBL-KLS |
| v. | REPORT AND RECOMMENDATION |
| ELDON VAIL, | Noted for February 20, 2009 |
| Defendant. | |

This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. This matter is before the Court because of plaintiff's failure to notify the Court of his current address. After reviewing the record, the undersigned recommends that the Court dismiss plaintiff's complaint for the reasons set forth below.

## DISCUSSION

On October 28, 2008, the Clerk sent plaintiff a letter, informing him his application to proceed *in forma pauperis* was deficient. (Dkt. #2). On November 3, 2008, the postal service returned the copy of that letter, which was sent to plaintiff at his last known address. (Dkt. #3). Local Rule CR 41(b)(2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

In addition, Local Rule CR 10(f) requires parties to notify the Court within ten days of a change of address. On November 17, 2008, the undersigned issued a minute order setting forth plaintiff's duty to

ORDER
Page - 1

1 inform the Court of his change of address as described above, and directed the Clerk to place a deadline
2 of January 2, 2009, to check for a notice thereof. (Dkt. #4).

3 On November 24, 2008, a copy of that minute order sent to the same last known address was
4 returned as well because plaintiff was not there. (Dkt. #5).  As such, both the Clerk and the undersigned
5 now have attempted to send documents to the address provided to by plaintiff, even though plaintiff has
6 the responsibility for notifying the Court of any change of address.  The undersigned is unaware of any
7 other place of residence or confinement for plaintiff, and, plaintiff has failed to provide the Court with a
8 notice of a change in his mailing address or responses to either the Clerk's letter or the undersigned's
9 minute order.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss this matter without prejudice for failure to prosecute pursuant to Local Rule CR 41(b)(2).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedures, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed set this matter for consideration on **February 20, 2009**, as noted in the caption.

DATED this 26th day of January, 2009.

Karen L. Strombom
United States Magistrate Judge